**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1089**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTIN JONES, a/k/a Martin J. Del Rosareo, a/k/a Martin Jones Del Rosario, a/k/a Roberto Jones, a/k/a Martin King, a/k/a Martin J. Rosaro, a/k/a Martin Delrosareo,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. W. Earl Britt, Senior District Judge. (8:12-cv-01325-JFM)

Submitted: June 10, 2013                Decided: July 5, 2013

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron R. Caruso, ABOD & CARUSO, LLC, Rockville, Maryland, for Appellant. Stuart F. Delery, Acting Assistant Attorney General, J. Max Weintraub, Senior Litigation Counsel, Jessica A. Dawgert, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martin Jones appeals the district court's orders granting the Government's motion for summary judgment and revoking his naturalization and certificate of naturalization. We affirm.

We review a district court's order granting summary judgment de novo, viewing the facts and drawing reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

We note that it is undisputed that Jones was not eligible to be naturalized because he had two controlled substance offenses which disqualified him from naturalization. See 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i)(II) (2006).

We conclude that Jones failed to show that there was an agreement whereby he would plead guilty and assist the Government in exchange for a promise that the Government would not seek to revoke the certificate of naturalization. Jones only asserts that the Government agreed not take any action against his immigration status, which at the time he allegedly entered the agreement was that of a lawful permanent resident.

We also note that Jones did not request additional time to gather evidence that would support his claim that there was an agreement that would permit him to become naturalized without interference from the Government. We further note that Jones' claim that the Government waited too long to seek to have his citizenship revoked is without merit. "As a general rule laches or neglect of duty on the part of officers of the Government is no defense to a suit by it to enforce a public right or protect a public interest[.]" INS v. Hibi, 414 U.S. 5, 8 (1973) (internal quotation marks omitted). Furthermore, Jones did not show that he was prejudiced by the Government's decision to file the complaint twenty years after he took the oath of citizenship. See Costello v. United States, 365 U.S. 265, 282

3

(1961) (assuming the defense of laches could be asserted in the denaturalization process, the petitioner must show he was prejudiced by the delay).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4